## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT H. THOMAS, | | No. 4:17-CV-02164 |
| Petitioner, | | (Judge Brann) |
| v. | | (Magistrate Judge Carlson) |
| COMMONWEALTH OF PENNSYLVANIA and PA STATE ATTORNEY GENERAL, | | |
| Respondents. | | |

## MEMORANDUM OPINION

### MAY 30, 2019

## I.    BACKGROUND

Robert H. Thomas filed this 28 U.S.C. § 2254 petition challenging his state court conviction and sentence.[1]  In April 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny Thomas' petition as time-barred.[2]  Thomas has filed timely objections to the Report and Recommendation, asserting that his untimely petition should be reviewed on the merits because (1) he is entitled to equitable tolling and (2) he is actually innocent

---

[1]    Doc. 1.

[2]    Doc. 20.

of the crime of conviction.[3]  Because Thomas timely objected to Magistrate Judge

Carlson's recommendations, those recommendations are reviewed de novo.[4]

## II.    DISCUSSION

Thomas asserts that he is entitled to equitable tolling for three reasons: (1)

Thomas' attorney erroneously advised him that he had one year to file a PCRA

petition with the state court, and had an additional year after the conclusion of the

PCRA proceedings to file a § 2254 petition; (2) Thomas experienced personal issues,

including hernia surgery, the discovery of lumps on his thyroid, and the unexpected

death of his son; and (3) Thomas was subject to a prison transfer and several

lockdowns while incarcerated.[5]  The Court concludes that none of these events are

extraordinary circumstances sufficient to warrant equitable tolling.

"As summarized by the Supreme Court, 'generally, a litigant seeking

equitable tolling of the AEDPA's one-year statute of limitations bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way.'"[6]  "[E]quitable tolling is

---

[3]    Doc. 21.

[4]    *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)
(quoting 28 U.S.C. § 636(b)(1)).

[5]    Doc. 21 at 2-3.

[6]    *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,
418 (2005) (brackets omitted)).

appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine."[7]

As to the first prong of that test, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence."[8] However, "[t]he fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling."[9] With regard to the second prong, "[a] court measures the extraordinary circumstances prong subjectively."[10] "In analyzing whether the circumstances [Thomas] faced were extraordinary, the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period."[11] "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."[12]

As to the erroneous advice allegedly offered by Thomas' state court counsel, the United States Court of Appeals for the Third Circuit has rejected the argument

---

[7] *Id.* at 799.

[8] *Id.*

[9] *Id.* at 799-800.

[10] *Id.* at 802.

[11] *Id.* at 802-03 (ellipsis and internal quotation marks omitted).

[12] *Id.* at 803.

that an attorney's poor advice or miscalculation of the deadline to file a § 2254 petition "constitutes extraordinary circumstances for purposes of equitable tolling."[13] Rather, only an attorney's affirmative malfeasance will suffice.[14] Thomas has not alleged malfeasance; at most, Thomas alleges negligence on the part of his state court counsel, which is insufficient to merit equitable tolling.

Regarding Thomas' personal issues, the first event—the unexpected death of his son—is undoubtedly tragic. However, Thomas states that his son died in 2015,[15] one year prior to the completion of Thomas' PCRA proceeding and well prior to the deadline to file a § 2254 petition. That event is therefore insufficient to warrant equitable tolling, as the temporal gap between the death of Thomas' son and the filing deadline undermines any assertion that Thomas was hindered in his ability to file a timely § 2254 petition.

Similarly, although Thomas' hernia surgery may have temporarily incapacitated him, that surgery occurred in July 2016, approximately four months prior to the completion of Thomas' state court proceedings.[16] While the duration of Thomas' incapacitation is somewhat unclear, he was able to file a motion in his state court proceeding as early as August 2016, which indicates that Thomas' hernia

---

[13]   *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002).

[14]   *Ross*, 712 F.3d at 800.

[15]   Doc. 21 at 2.

[16]   *Id.* at 9.

surgery did not impact his ability to file a timely § 2254 petition.[17]  Additionally, while Thomas complains of ongoing collateral effects from the surgery, he has been able to pursue litigation notwithstanding those collateral effects.[18]

Thomas also asserts that doctors have discovered five lumps on his thyroid and, as a consequence, Thomas underwent testing during 2016 and 2017.[19]  It is notable that Thomas provides no evidence to support his assertion that he suffered from such a medical issue, despite offering evidence that he underwent hernia surgery.[20]  Ultimately, Thomas "bears the burden of showing that such an extraordinary event has stood in his way,"[21] and his allegation—absent any supporting documentation to substantiate his claim or any allegation that such a medical condition interfered with his ability to file a § 2254 petition—is insufficient to warrant equitable tolling.[22]

---

[17]  Doc. 1-1 at 212.

[18]  *See Alicia v. Karestes*, 389 F. App'x 118, 121 (3d Cir. 2010) (noting that "persistent pain from [an] injury . . . did not necessarily preclude opportunities to file, since prison officials or others could have assisted [petitioner] in completing the forms").

[19]  Doc. 21 at 2.

[20]  *See* Docs. 1, 21.

[21]  *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

[22]  *See Hall v. Grounds*, 584 F. App'x 723, 723 (9th Cir. 2014) (affirming on the ground that although petitioner's "medical conditions rendered him incapacitated for some portions of the relevant time period, [petitioner] did not show that his conditions caused the untimeliness and made it impossible to file the Petition on time"); *Garza v. Kansas*, 449 F. App'x 734, 736 (10th Cir. 2011) (petitioner's allegations of medical impairments insufficient as he "failed to even describe any such evidence in sufficient detail").

Finally, Thomas notes that he was transferred to another facility and he experienced multiple lockdowns during his incarceration, both of which purportedly prevented Thomas from timely filing his § 2254 petition.[23] As to the prison transfer, Thomas does not allege that the transfer occurred in the lead up to the filing deadline, nor does he explain how the transfer caused him to file his petition approximately six months late. Thus, Thomas' mere transfer between facilities cannot form the basis for equitable tolling.[24] Similarly, the lockdowns that Thomas experienced are ordinary incidents of prison life, and he has not explained when the lockdowns occurred or how those lockdowns prevented him from timely filing his § 2254 petition.[25]

More importantly, even assuming the existence of extraordinary circumstances, Thomas has made no showing that he exercised due diligence. To the contrary, Thomas' arguments appear to center around the contention that he followed his attorney's advice regarding the limitations period, rather than making

---

[23] Doc. 21 at 2-3.

[24] *Cf. Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002) (transfer that "deprived [petitioner] of his legal papers for a few weeks of the year-long statute of limitations" insufficient to warrant equitable tolling). *See Gillie v. Esposito*, No. 14-CV-3704, 2018 WL 6499864, at *5 (D.N.J. Dec. 11, 2018) (noting that "[r]outine transfers within the prison system are not extraordinary circumstances").

[25] *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (holding that "even restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling"); *Tomita v. Runnels*, 185 F. App'x 600, 601-02 (9th Cir. 2006) (rejecting claim that lockdown entitled petitioner to equitable tolling "as [petitioner] has not shown that the state denied him access to the library during the lock down, or that such denial caused him to be unable to timely file his petition").

any effort to independently verify when his § 2254 petition was due. Thomas therefore is not entitled to equitable tolling.

Thomas also asserts that his failure to timely file his § 2254 petition should be excused because he has made an adequate showing of actual innocence.[26] Thomas contends that his actual innocence is supported by DNA testing conducted on a piece of duct tape, the prosecution's failure to enter surveillance footage into evidence at trial, and his attorney's ineffective performance.[27] To demonstrate actual innocence, "first, a petitioner must present new, reliable evidence and second, show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[28] The Supreme Court has emphasized that "'to be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"[29]

Thomas' actual innocence claim fails because it is not supported by new, reliable evidence. Although Thomas points to DNA evidence, that evidence was available and presented at trial.[30] As to Thomas' claims that the video surveillance was not entered into evidence, this was known at the time of Thomas' trial.

---

[26] Doc. 21 at 3-4.

[27] *Id.*

[28] *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (internal quotation marks omitted).

[29] *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)).

[30] Doc. 1-1 at 189.

Furthermore, while Thomas contends that the videos would have shown that he "was not at any of the place that [he] was said to have been" at,[31] his mere assertion in a brief is not evidence[32] and cannot support a claim of actual innocence.

Additionally, in his petition Thomas asserts that he recently discovered that charges were filed against one of the police officers investigating Thomas' case, and this fact was never revealed to the defense.[33] If true, this constitutes strong impeachment evidence but is not evidence of innocence. Standing alone, "[m]ere impeachment evidence is generally not sufficient to satisfy the actual innocence gateway standard."[34] Finally, the Court notes that, even if Thomas had presented new evidence—when viewed as a whole—the evidence is insufficient to demonstrate that no reasonable juror could have convicted him of the underlying crimes. Accordingly, Thomas' assertion of actual innocence fails.

## III.    CONCLUSION

In sum, Thomas has failed to demonstrate actual innocence or entitlement to equitable tolling and, for those reasons, Magistrate Judge Carlson's Report and Recommendation will be adopted. Consequently, Thomas' § 2241 petition will be denied as time-barred.

---

[31]    Doc. 21 at 3.

[32]    *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015).

[33]    Doc. 1 at 5.

[34]    *Reeves*, 897 F.3d at 161.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge